Curia, per Johnson, Ch.
In the argument in support of this appeal, the grounds principally relied on are,
1. That this is an original bill, and cannot, therefore, be sustained as a bill of review.
2. That it cannot be sustained as an original bill, in the nature of a bill of review, because fraud .is neither charged or sustained by the evidence.
It has not been attempted to sustain this proceeding as a bill of review. That mode of proceeding applies only in two cases.
1. Where there is error apparent in the record; and
2, When new matter which would affect the rights *350 of the parties, has been discovered subsequently to the hearing. Story’s Eq. Pl. 326 — 7; neither of which enter into this cause.
The bill is in its form and substance, essentially an original bill, in the nature of a bill of review. It contains the general allegation of fraud, but does not particularly characterize the facts stated as fraudulent, nor is that essential to the form of the bill, Fraud is a deduction from facts, and however they might be characterized, the conclusion must be the same. Facts, fair and honest in themselves, could not be converted into a fraud by the mere allegation; nor could facts, fraudulent in themselves, be transformed into fair dealing, by so characterizing them. Fraud is the general foundation of an original bill, in nature of a bill of review; but such a bill may be maintained, although there is no actual fraud, as in Coker vs. Bevis, 1 Ch. Ca. 61. Where the court decreed the foreclosure of a mortgage, unless the defendant should pay the money in a certain time, with which the defendant was unable to comply, from inevitable circumstances, and without any wilful default, Lord Redesdale granted relief, not so much on the ground of fraud, as on the special circumstances. See Story’s Eq. P. 342, note 1. So much for the pleadings.
The argument has not operated to change the views I entertained on the circuit, as to the conclusion, to be deduced from the facts proved, and if, in the decree, they are not characterized in strong and harsh terms, it was because it was thought no one could read them without coming to the conclusion, that the defendant had taken advantage of the absence of complainant, to obtain a most unconscientious decree in his favor.
Appeal dismissed.
Harper and Dunkin, Chancellors, concurred.
Johnston, Ch., absent from indisposition.